979 So.2d 448 (2008)
Walter A. ALMENDARES, Appellant,
v.
STATE of Florida and Ruth Martinez-Estes, Esquire, Appellees.
No. 4D07-3672.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
Walter A. Almendares, South Bay, pro se.
No appearance for appellees.
POLEN, J.
Petitioner Walter A. Almendares petitions this court for a writ of certiorari to quash the trial court's order denying his motion for reconsideration of his indigent status. The trial court denied the motion as the issue was not addressed in his original petition for writ of mandamus. We disagree with the trial court's denial and *449 reverse and remand for the reasons detailed below.
The trial court's denial of a motion for rehearing is reviewed using an abuse of discretion standard. Brink v. Bank of America, N.A., 811 So.2d 751 (Fla. 1st DCA 2002). In this case, Almendares filed a petition for writ of mandamus in this court seeking to have his court appointed appellate counsel surrender his record on appeal. This court transferred the petition to the circuit court and ordered it to proceed. Almendares then filed a request for indigent status and the trial court granted the request. In addition to granting the request, the order required Almendares to make monthly payments towards court costs and fees and imposed a lien on Almendares' inmate trust account until the court costs and fees were paid in full.
The trial court ordered court-appointed appellate counsel, Ruth Martinez-Estes, to show cause why the writ should not be granted. Martinez-Estes' represented she had provided Almendares with the entire record on appeal. The trial court issued an order dismissing Almendares' petition for writ of mandamus as moot.
Almendares filed a motion for rehearing, asserting the record he received did not include appellate briefs. Almendares also asked the trial court to reconsider:
[T]he matter of petitioners' indigence status and remove the lien on his inmate bank account for the following reason. The issue before this court is a collateral proceeding concerning petitioner's right to obtain a copy of his trial transcripts free of charge, and should not be made to pay the filing fee and costs due to counsel's failure to send the requested documents.
The trial court granted the motion in part, ordering Martinez-Estes to provide Almendares with the appellate briefs. The trial court denied the portion of Almendares' motion asking for reconsideration of indigent status as "[t]his issue was not addressed in the original Petition for Writ of Mandamus."
The trial court abused its discretion in failing to consider the correctness of the court-imposed lien on Almendares' inmate account. While it is true this issue was not included in his original petition for writ of mandamus, the lien was not imposed until after this court transferred the petition for writ of mandamus back to the circuit court, making it impossible for Almendares to have raised it in his original petition.
We reverse the trial court's order denying Almendares' motion for reconsideration of imposition of the lien and remand for reconsideration. We are not suggesting the trial court rule in a certain way, merely that it consider Almendares' motion rather than summarily dismissing it.
GROSS and MAY, JJ., concur.